**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRUCE S. JOHNS, ) | CASE NO. 1:20-cv-02810 |
| ) | |
| Plaintiff, ) | JUDGE DAVID A. RUIZ |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff Bruce S. Johns (Plaintiff) filed his Complaint (R. 1) on December 21, 2020, challenging the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to a magistrate judge. Magistrate Judge Amanda K. Knapp issued her Report and Recommendation on April 25, 2022, recommending that the Court affirm the Commissioner's decision. (R. 17). Plaintiff filed objections within the fourteen-day deadline, and the Commissioner filed a response. (R. 18; 19).

For the reasons set forth below, Plaintiff's objections (R. 18) are OVERRULED and the Report and Recommendation (R. 17) is ADOPTED.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made.

Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

The Commissioner's conclusions must be affirmed absent a determination that the administrative law judge's (ALJ) decision failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

**A. Background**

Plaintiff's Brief on the Merits set forth the following assignments of error: (1) the appointment of Andrew Saul as Commissioner of the Social Security Administration violated the separation of powers rendering the decision in this case constitutionally defective; (2) the ALJ committed harmful error by relying on the prior ALJ's decision, which was issued by an ALJ who allegedly had not been properly appointed; (3) the residual functional capacity (RFC) determination failed to properly evaluate evidence documenting Plaintiff's severe impairments; and, (4) the RFC was not supported by substantial evidence as it erroneously found that Plaintiff could still perform his past work, as well as other work which existed in the national economy. (R. 13, PageID# 497-498).

**B. Objections**

All of Plaintiff's objections generally fail to point to shortcomings in the Magistrate Judge's Report and Recommendation (R&R) and they simply rehash the arguments made in Plaintiff's original brief. Plaintiff objects to the R&R's finding that he failed to establish standing to challenge the alleged improper appointment of the Commissioner due to lack of any traceable harm (R. 5, PageID# 602-603); asserts the ALJ failed to provide a fresh look when he adopted the findings of a prior ALJ's decision; (R. 5, PageID# 603-604); and that the ALJ failed to properly consider the opinion of Peter Koontz. (R. 5, PageID# 604-605) .

    **1.  Separation of Powers Constitutional Argument**

In a rather brief one-page argument, Plaintiff's first assignment of error asserted that the ALJ's decision was "constitutionally defective" because the appointment of the former Commissioner of Social Security violated separation of powers principles. (R. 13, PageID# 503-

504). Plaintiff contended that the statute under which the former Commissioner was appointed violated separation of powers principles by allowing him to serve a longer term than the President of the United States while protecting him from removal except for cause, similar to the statute found unconstitutional in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, ––– U.S. –––, 140 S. Ct. 2183, 207 L.Ed.2d 494 (2020). *Id*. The R&R contained an exhaustive and thorough analysis of the issue, and concluded as follows:

> The Commissioner does not dispute that the relevant removal provision "violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause" … but argues that Mr. Johns is not entitled to relief because "even where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction actually caused him harm." (Id. at 4 (citing *Collins v. Yellen*, ––– U.S. –––, 141 S. Ct. 1761, 1787-89, 210 L.Ed.2d 432 (2021)).) More specifically, the Commissioner argues that Mr. Johns cannot show harm to support his claim for relief because the ALJ's appointment was ratified by an Acting Commissioner who was not subject to the challenged removal restriction, and because Mr. Johns cannot show that the removal restriction caused the denial of his benefits. (ECF Doc. 15 p. 4.)
>
> Having considered the arguments of the parties and the applicable law, the undersigned agrees with numerous other courts that Mr. Johns' constitutional challenge to a statutory removal provision for the Commissioner of Social Security suffers from a fundamental deficiency in this individual Social Security disability appeal, namely that Mr. Johns lacks standing to assert the challenge. *See Miley v. Comm'r of Soc. Sec.*, No. 1:20-cv-2550, 2021 WL 6064754, *9 (N.D. Ohio Dec. 22, 2021); *Rhouma v. Comm'r of Soc. Sec.*, --- F.Supp.3d ---, 2021 WL 5882671, at *10 (N.D. Ohio Dec. 13, 2021); *Catherine J.S.W. v. Comm'r of Soc. Sec.*, No. 3:20-cv-5602-TLF, 2021 WL 5276522, *8 (W.D. Wash. Nov. 12, 2021); *Melvin S. v. Comm'r of Soc. Sec.*, No. 20-5978, 2021 WL 6072564, at *11 (W.D. Wash. Dec. 22, 2021); *Helms v. Comm'r of Soc. Sec.*, No. 3:20-CV-589-MOC, 2021 WL 5710096, at *3 (W.D.N.C. Dec. 1, 2021); *Cooper v. Saul*, No. 21-CV-38-CJW-MAR, 2021 WL 2908112, at *2 (N.D. Iowa July 9, 2021).
>
> \*\*\*
>
> Based on the Supreme Court's explicit findings in *Collins*, there is no legal basis for the undersigned to conclude that actions of the SSA Commissioner or the ALJ in this case were automatically void or lacking in authority. Thus, the

determination must return to the question whether Mr. Johns was "harmed by an action that was taken by [the SSA Commissioner] and that [he] alleges was void." *Collins*, 141 S. Ct. at 1788, n. 24.

***

Consistent with the findings of other courts, the undersigned therefore concludes that Mr. Johns has failed to establish that he has suffered harm traceable to an unlawful action by the former Commissioner of Social Security, and has accordingly failed to establish standing to pursue this constitutional challenge. *See, e.g., Rhouma*, 2021 WL 5882671 at * 11 ("Without a harm traceable to an unlawful action by the Commissioner, [plaintiff] does not have standing to challenge the constitutionality of § 902(a)(3)."); *Catherine J.S.W.*, 2021 WL 5276522 at *8 ("Because Plaintiff has not shown any compensable harm fairly traceable to the actions of former Commissioner Saul, under *Collins v. Yellin*, 594 S. Ct. 1761,1788 (2021), the Plaintiff's situation is distinguishable from the plaintiff's claims in *Collins*; Plaintiff has failed to establish standing and the Court need not address the Plaintiff's or Defendant's additional arguments."); *Helms*, 2021 WL 5710096 at *3 ("The Court finds that it is implausible that the Commissioner's protection from removal from office, whether constitutional or not, could have affected [the administrative law judge's] decision or any other aspect of the administrative litigation in a material way. Because Plaintiff has not shown that she was in any way injured by the removal protection provision, she does not have standing to litigate its constitutionality.").

(R. 17, PageID# 574-575, 579-581) (footnotes omitted).

Plaintiff's objections do little more than suggest that the Magistrate Judge should have followed *Tafoya v. Kijakazi*, No. 21-CV-871-REB, 2021 WL 3269640, at *5 (D. Colo. July 29, 2021) rather than the Supreme Court's decision in *Collins*, which did not expressly consider social security claims. Plaintiff's argument, however, is merely a general objection that voices a disagreement with the R&R's suggested resolution and has the same effect as a failure to object.

Furthermore, the R&R is consistent many district court cases with nearly identical reasoning as found in the R&R.

At this time, the only federal Court of Appeals to have squarely addressed this question in relation to the SSA is the Ninth Circuit. In *Kaufmann v. Kijakazi*, __F.4th__, 2022 WL 1233238 (9th Cir. Apr. 27, 2022), the Ninth Circuit rejected claimant's contention that the separation-of-powers violation in § 902(a)(3)

5

voided claimant's unfavorable decision such that a new hearing was required. First, the Court found that the "removal provision [in § 902(a)(3)] is severable from the remainder of the statute." *Id*. at *4. "The remaining provisions of the [Social Security] Act are capable of fully independent function, and nothing in the text, structure, or history of the statute makes it evident that Congress would have preferred, as an alternative to a Commissioner who is removable at will, no Social Security Administration at all." *Id*.

Turning next to the appropriate remedy for a claimant whose appeal was denied while then SSA Commissioner Saul served under an unconstitutional removal provision, the court held that "[a] party challenging an agency's past actions must … show how the unconstitutional removal provision actually harmed the party— for example, if the President would have removed the agency's head but for the provision or, alternatively, if the agency's head 'might have altered his behavior in a way that would have benefited' the party." *Id*. at *5 (quoting *Collins*, 141 S. Ct. at 1789). "Claimant therefore must demonstrate that the unconstitutional provision actually caused her harm. Absent a showing of harm, we refuse to unwind the decision below." *Id*. (internal citations, alterations, and quotation marks omitted). The Ninth Circuit provided the following actual harm examples: "the President took an interest in [the claimant's] claim" or "that the Commissioner directed the Appeals Council [or the ALJ] to decide [claimant's] case in a particular way because of the statutory limits on the President's removal authority." *Id*.

*Jason M., v. Kijakazi*, No. 1:20-CV-03121-MG-SEB, 2022 WL 2071096, at *11 (S.D. Ind. June 9, 2022); *see also Brunton v. Comm'r of Soc. Sec.*, No. 5:20-CV-2233, 2021 U.S. Dist. LEXIS 255749, at *65-66 (N.D. Ohio Dec. 9, 2021) (finding that "Brunton has failed to establish an 'injury in fact' arising from the Commissioner's work while he was subject to an allegedly unconstitutional removal statute.") (Parker, M.J.), *adopted by* 2022 U.S. Dist. LEXIS 59302 (N.D. Ohio Mar. 30, 2022) (Ruiz, J.); *Walker v. Comm'r of SSA*, No. 4:20-CV-02506-CEH, 2022 U.S. Dist. LEXIS 77694, at *19 (N.D. Ohio Apr. 28, 2022) ("The mere receipt of an unfavorable decision is not sufficient to establish harm traceable to" the allegedly unconstitutional appointment) (Henderson, M.J.); *Andino v. Kijakazi*, No. 21-2852, 2022 U.S. Dist. LEXIS 70405, at *15 (E.D. Pa. Apr. 18, 2022) ("courts in this Circuit which have considered arguments such as the one raised by [plaintiff] have agreed that *Seila Law* does not compel the vacating of a

6

disability decision by the Social Security Commissioner where the plaintiff cannot show a nexus between his or her harm and the unconstitutional removal provision.")

As such, Plaintiff's first objection is without merit.

**2. Consideration of 2015 ALJ Decision**

Plaintiff's opening brief argued that the ALJ improperly relied on the prior 2015 ALJ decision, and asserted that his new application was entitled to a fresh look at the new period of disability. (R. 13, PageID# 504-505, citing *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018)).

The R&R found that an ALJ should consider relevant findings from a prior ALJ's decision when adjudicating a new claim. (R. 17, PageID# 584, citing *Earley v. Commissioner*, 893 F.3d 929, 934 (6th Cir. 2018) ("Fresh review is not blind review. A later administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making."); Acquiescence Ruling 98-4(6), 63 FR 29771-01, 29773). The R&R pointed out that the ALJ considered whether the record contained new and material evidence demonstrating that Plaintiff had a severe physical impairment, but found that the record did not (R. 17, PageID# 584, citing Tr. 15). Moreover, the R&R found that "[i]n addition to discussing the evidence considered by the prior ALJ in finding Achilles tendinitis to be a non-severe impairment, the ALJ also noted the lack of new imaging or material change in conservative treatment since that prior decision, and explicitly outlined the recent examination findings and treatment modalities that supported his finding that this impairment remained non-severe." *Id*. citing Tr. 18.

Plaintiff's objections do not address the Magistrate Judge's discussion and resolution of the issue, but merely reiterate his argument from his opening brief. (R. 18, PageID# 604).

7

Again, Plaintiff fails to identify any specific shortcoming in the R&R and merely voices a disagreement with the Magistrate Judge's suggested resolution—an action that is the equivalent of a failure to object.

### 3. Opinion of Peter Koonz

Plaintiff's opening brief also argued that the ALJ erred in his evaluation of the opinion of his treating psychiatric nurse practitioner, Peter Koontz, because he "misinterpreted the findings of the treating source." (R. 13, PageID# 513-515). The R&R addressed this argument as follows:

> A review of the ALJ decision does not support Mr. Johns' characterization of the relevant language. The ALJ did not state that he found the opinions persuasive because CNP Koontz had only found moderate limitations. Instead, he found the opinions persuasive "to the extent they support … moderate limitations." (Tr. 23 (emphasis added).) He made this finding after considering the entirety of the opinion and observing that the identified limitations varied from "very good" to "limited but satisfactory" to "seriously limited, but not precluded." (Tr. 23-24, 419-20.) He noted that there were no areas in which CNP Koontz had opined Mr. Johns would be "unable to meet competitive standards" or would have "no useful ability to function," and found that this fact "support[ed] moderate limitations." (Tr. 24.) He went on to address "supportability" by explaining that the moderate limitations were "supported by Mr. Koontz's most recent treatment notes showing the claimant responding to medication, planning to spend time with family for the holiday including making a turkey, and reading." (*Id*.) The ALJ also addressed "consistency" by noting that the opinions were consistent with the record as a whole, which showed Mr. Johns "going to narcotics anonymous meetings including traveling for meetings and working on a community garden," and contained "[e]arly records show[ing] the claimant doing well and later records show[ing] [him] responding to medication following an adjustment." (*Id*.)
>
> As a whole, the undersigned concludes that Mr. Johns has not met his burden to demonstrate that the ALJ mischaracterized CNP Koontz's findings in a way that failed to "build an accurate and logical bridge between the evidence and the result." *Fleischer*, 774 F. Supp. 2d at 877. It is evident that the ALJ accurately described the underlying records and appropriately addressed the required regulatory factors. Thus, Mr. Johns has not met his burden to demonstrate that the relevant findings were not supported by substantial evidence.

(R. 17, PageID# 596-597) (emphasis in original).

While acknowledging the R&R's observation that the ALJ found the opinions were

consistent with the record as a whole, Plaintiff disagrees with the ALJ's finding, noting that "[t]he record in this matter, however, related that Plaintiff was found to be angry, frustrated, and depressed (Tr. 381), had increased irritability (Tr. 395), and was irritable and angry (Tr. 404). In addition, Plaintiff was angry enough to hurt other people (Tr. 381)." (R. 18, PageID# 605).

Plaintiff's objection does little more than identify portions of the record that he believes could have supported a different finding. This Court's role in considering a social security appeal, however, does not include reviewing the evidence *de novo*, making credibility determinations, or reweighing the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *see also Stief v. Comm'r of Soc. Sec.*, No. 16-11923, 2017 WL 4973225, at *11 (E.D. Mich. May 23, 2017) ("Arguments which in actuality require 're-weigh[ing] record evidence' beseech district courts to perform a forbidden ritual."), *report and recommendation adopted*, 2017 WL 3976617 (E.D. Mich. Sept. 11, 2017). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case *de novo*, resolve conflicts in evidence, or *decide questions of credibility*." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (*quoting Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). It is not this Court's function to arrive at its own determination as to the persuasiveness of nurse Koontz's opinion, but rather whether the ALJ followed the regulations in conducting such an analysis. Plaintiff has identified no shortcoming in the R&R with respect to its consideration of the ALJ's persuasiveness analysis.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the above-referenced standard, and agrees with the findings set forth therein. In addition, the Court has considered and overruled Plaintiff's objections, for the foregoing reasons. Therefore, the

Magistrate Judge's Report and Recommendation (R. 17) is hereby ADOPTED, and the Commissioner's decision is hereby AFFIRMED.

    IT IS SO ORDERED.

                                        s/ *David A. Ruiz*
                                        David A. Ruiz
                                        United States District Judge

Date: August 30, 2022